2003 OK CIV APP 12

**M & W RESTAURANTS, INC. d/b/a Tapwerks Ale House & Cafe, Plaintiff/Appellee,**

and

**Oklahoma Malt Beverage Association, Intervenor/Appellee,**

v.

**OKLAHOMA ALCOHOLIC BEVERAGE LAWS ENFORCEMENT COMMISSION, Defendant/Appellant.**

No. 96,849.

Court of Civil Appeals of Oklahoma, Division No. 1.

Oct. 25, 2002.

Certiorari Denied Jan. 28, 2003.

Jeff L. Hartmann, Kerr, Irvine, Rhodes & Ables, Oklahoma City, for Plaintiff/Appellee.

Ronald E. Stakem, Clark, Stakem, Wood & Patten, P.C., Oklahoma City, OK, for Intervenor/Appellee.

W. Kurt Morgan, Commission Counsel, Alcoholic Beverage Laws Enforcement Commission, Oklahoma City, for Defendant/Appellant.

Opinion by KENNETH L. BUETTNER, Judge.

¶ 1 The trial court granted a declaratory judgment in favor of M & W Restaurants, Inc. (Tapwerks) and the Oklahoma Malt Beverage Association (OMBA) finding that the Oklahoma Constitution's authorization to the Alcoholic Beverage Laws Enforcement Commission (the ABLE Commission) did not include or apply to 3.2 beer or cereal malt beverage. It held that 37 O.S. Supp.1997 § 598, and the ABLE Commission's rule

based thereon, which attempted to grant authority to the ABLE Commission to regulate 3.2 (low-point beer), were unconstitutional. We affirm.

¶ 2 The parties stipulated to these facts:

1.  Plaintiff is a corporation that owns and operates an establishment known as Tapwerks Ale House and Cafe located in Bricktown, Oklahoma City, Oklahoma.

2.  Plaintiff holds a license to sell alcoholic beverages by the individual drink for consumption on the premises issued by the Oklahoma Alcoholic Beverage Laws Enforcement Commission ("ABLE").

3.  Plaintiff on its ABLE license application stated that the "main purpose" of Tapwerks Ale House and Cafe was to be a restaurant.

4.  ABLE permitted Plaintiff to establish on the licensed premises of the restaurant known as Tapwerks Ale House and Cafe a "designated bar area", which permits persons under the age of twenty-one (21) years to enter the licensed premises of the restaurant other than the designated bar area.

5.  ABLE on August 23, 2000, issued a notice to Plaintiff (Exhibit "1") that an audit of Tapwerks Ale House and Cafe had been completed and that it had been determined that the total income from the restaurant's sale of food did not exceed the income derived from the sale of alcoholic beverages and 3.2 beer.

6.  Sales of food and 3.2 beer did, however, exceed the sale of alcoholic beverages for the audit period.

7.  ABLE's notice (Exhibit "1") informed Plaintiff that because the total income from the restaurant's sale of food did not exceed the income derived from the sale of alcoholic beverages and 3.2 beer, the premises of Tapwerks Ale House and Cafe would be posted "21 only" at the door on September 7, 2000 unless a hearing was requested.

8.  Owners of Tapwerks have provided an Affidavit and would testify at trial that Tapwerks Ale House and Cafe is a family restaurant and that denying entry to patrons under twenty-one (21) years of age would destroy the business as it is presently operated.

9.  Counsel for Plaintiff on September 6, 2000 sent a letter to ABLE contesting the redesignation and requesting a hearing on the matter. A hearing was set for September 20, 2000. Counsel for Plaintiff on September 18, 2000 filed a Motion for Continuance and a Motion to Dismiss based on the contention that Article 1, Section 32 of the ABLE Commission Rules and Regulations was unconstitutional. The case was continued until November 7, 2000. The ABLE Commission Hearing Officer denied the Motion to Dismiss on November 2, 2000.

10. This declaratory judgment action was commenced by Plaintiff on November 6, 2000 to challenge the constitutionality of ABLE Commission Rule 32; ABLE, on November 28, 2000, filed a Motion to Dismiss for failure to exhaust administrative remedies. The Oklahoma Malt Beverage Association on January 17, 2001 filed a Motion to Intervene and sought to challenge not only ABLE Commission Rule 32, but also 37 O.S. § 598.

11. The trial court on February 15, 2001, granted the Motion to Intervene filed by the Oklahoma Malt Beverage Association. The trial court on that same day denied the Motion to Dismiss filed by ABLE finding:

a.  The presence of a constitutional question;

b.  That administrative relief was inadequate; and

c.  Irreparable injury would occur to Plaintiff without judicial intervention.

12. Thereafter ABLE has filed an Answer and all parties have submitted briefs which identify the legal issue at the center of this controversy to be:

Whether Title 37 O.S. § 598 and Article 1, Section 32, ABLE Rules and Regulations (copies are attached as Exhibits "2" and "3") are unconstitutional under the provisions of Article XXVIII of the Oklahoma Constitution.

13. All parties stipulate that there is no further need for evidence and the Court can make its legal determination of consti-

tutionality based upon this stipulation, the pleadings, and the legal briefs submitted by the parties.

¶ 3 The Stipulation was dated August 1, 2001 and accepted by the trial court in lieu of a pretrial order.

¶ 4 Based on the Stipulation, the trial court found that declaratory judgment was proper and that the statute, 37 O.S. Supp.1997 § 598, and the ABLE Commission's implementing rule were unconstitutional to the extent that they include and apply to any beer or cereal malt beverage containing not more than 3.2% of alcohol by weight.

¶ 5 The ABLE Commission contends that the trial court did not have jurisdiction to issue a declaratory judgment because the administrative proceeding was still in progress. It also claims that the statute and rule are constitutional.

¶ 6 With respect to the jurisdiction issue, it is settled that an administrative agency is "... powerless to strike down a statute for constitutional repugnancy." *Dow Jones & Company, Inc. v. State ex rel. Oklahoma Tax Commission*, 1990 OK 6, ¶ 6, 787 P.2d 843, 845. Consequently, a challenge to the constitutionality of the law and rule in an administrative proceeding would be futile. If a party believes that the administrative agency lacks authority to make a determination of the matter, then it should seek judicial review of that question. Although generally judicial review should not take place until administrative remedies are exhausted, "... premature judicial review is permissible when administrative remedies are inadequate. Remedies are inadequate when unavailable, ineffective or futile to pursue." *Double "LL" Contractors, Inc. v. State ex rel. Oklahoma Department of Transportation*, 1996 OK 30, ¶ 17, 918 P.2d 34, 39. Declaratory judgments may be sought before the issuance of an administrative final order. *Conoco, Inc. v. State Department of Health*, 1982 OK 94, ¶ 15, 651 P.2d 125, 130. "Such relief [declaratory judgment] is especially useful in a case where a justiciable controversy between the parties exists and the plaintiff would be required to do or refrain from doing some action at his legal peril." *Id.* at ¶ 18, p. 131. In this case, the parties were in a legal proceeding but no final order had issued. The facts were not in dispute and absent a declaration of unconstitutionality, there is no reason to believe that the ABLE Commission would not enforce the statute and its rule. Tapwerks contended that the ABLE Commission lacked the power to do what it planned to do, and Tapwerks risked losing its family restaurant status. The trial court properly took jurisdiction over the matter.

¶ 7 We now address the constitutionality of the law and the ABLE Commission's rule implementing it.[1]

¶ 8 The Oklahoma Alcoholic Beverage Laws and Enforcement Commission was created by Article XXVIII § 1 of the Oklahoma Constitution. It states that the "... purpose of the Commission shall be to enforce the alcoholic beverage laws of the State, and the Commission shall have such power and authority to enforce such laws, rules and regulations as shall be prescribed by the Legislature." Tapwerks and OMBA argue that Article XXVIII, § 2 limits the legislature in the authority that may be granted the ABLE Commission. Section 2 states:

> The terms and provisions of this Amendment, and laws enacted by the Legislature pursuant hereto, *shall not include nor apply to any beer* or cereal malt beverage containing not more than three and two-tenths percent (3.2%) of alcohol by weight; provided, however, nothing shall prohibit a person authorized to sell alcoholic beverages by the individual drink for on-premises consumption from also becoming qualified to sell any beer or cereal malt beverage containing not more than three and two-tenths percent (3.2%) of alcohol by weight in the same location. (Emphasis added.)

¶ 9 Section 2 makes it clear that an establishment may be licensed to sell alcohol by the drink and low-point beverages, but that the ABLE Commission can only regulate alcohol sales.

¶ 10 The statute in question, 37 O.S. Supp. 1997 § 598, permits the premises of an

---

1. The Honorable Senator Robert Kerr, author of § 598, requested permission to file an amicus curiae brief. None of the parties objected. Senator Kerr's amicus brief, which consisted of arguments relating to statutory interpretation not legislative history, was considered.

ABLE Commission licensee to have a separate or enclosed bar area, the main purpose of which is the sale and consumption of alcohol. Patrons under the age of twenty-one years are not permitted in this area although they are allowed to patronize the other part of the establishment, the main purpose of which is the sale and consumption of anything except alcohol. Patrons of the nonintoxicating beverage area may order alcoholic drinks or low-point beer if they are twenty-one years or older. The critical language of § 598(A) is the following:

> For purposes of this section only, the term "alcoholic beverages" shall include low-point beer, as defined in Section 163.2 of this title.

¶ 11 The ABLE Commission then proceeded to write Article I, § 32 of its Rules and Regulations. In order for an establishment to be open to people under the age of twenty-one years, the licensee, to retain a separate or enclosed bar area, must show that the income derived from the area whose main purpose is not the sale of alcohol, exceeds the total income from the sale, mixing or serving of alcoholic beverages. The ABLE rule then states that "alcoholic beverage" shall include nonintoxicating beverages as defined in 37 O.S. § 163.2 (low-point beer).

¶ 12 The ABLE Commission contends that the law and rule are not unconstitutional because they do not attempt to regulate low-point beer. It argues that the law and rule only regulate who may enter a premises.[2] Tapwerks responds that the legislature is enjoined from passing any law or regulation dealing with 3.2 beer or doing anything to prohibit Tapwerks from selling low-point beer in the same way others may sell it. OMBA agrees that the law is unconstitutional because it violates the prohibition. OMBA states that the law purports to give the ABLE Commission power which the constitution directly withholds from that agency.

¶ 13 We hold that 37 O.S. Supp. 1997 § 598 is unconstitutional because it includes low-point beer in the definition of alcoholic beverages which the ABLE Commission sought to regulate by rules imple-

menting § 598. "A legislative act is presumed to be constitutional and will be upheld unless it is clearly, palpably and plainly inconsistent with the Constitution. Statutes should be construed whenever possible so as to uphold their constitutionality." *Kimery v. Public Service Company of Oklahoma,* 1980 OK 187, ¶ 6, 622 P.2d 1066, 1069. Section 598 specifically includes low-point beer in its definition of alcoholic beverages which clearly violates Article XXVIII, Section 2. Laws enacted by the Legislature with respect to the authority of the ABLE Commission may not include 3.2 beer. The clear effect of the statute and rule is to regulate conduct of alcoholic beverage licenses by including 3.2 beer in the definition of alcoholic beverages. When the ABLE Commission regulates the hours of operation, the premises, and other details of its licensees, it is regulating pursuant to the authority of Article XXVIII, Section 1. In determining the substance of those regulations, the ABLE Commission may not include 3.2 beer.

¶ 14 The declaratory judgment of the district court is AFFIRMED.

JOPLIN, V.C.J., and MITCHELL, J., sitting by designation, concur.

---

2. The ABLE Commission bolstered its position with two Attorney General Opinions, 98–15 and 00–57 which held that 37 O.S. § 598 was consti-

tutional. The District Court overruled and set those opinions aside to the extent they were inconsistent with its opinion.