Dear Senator Coffee,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 May a restaurant that is licensed to sell mixed alcoholic beverages by the individual drink for on-premises consumption and which also is a retail dealer permitted to sell low-point beer for on-premises consumption include income from the sale of low-point beer, along with income from food and other non-alcoholic beverage sales, when determining its main purpose under Section 598 of Title 37 of the Oklahoma Statutes and Oklahoma Administrative Code 45:10-3-31? Background
¶ 1 Your question relates to the alcoholic beverage laws, administrative rules and regulations of the State of Oklahoma as well as the laws related to low-point beer. Specifically you refer to Section 598 of the Oklahoma Alcoholic Beverage Control Act ("Act"), entitled "No Person Under Twenty-One (21) Years of Age Allowed in Lounge or Bar Areas," which was originally enacted in 1985. See 1985 Okla. Sess. Laws ch. 6, § 88. Section 598(A) of Title 37 in pertinent part provides:
 If the premises of a licensee of the Alcoholic Beverage Laws Enforcement Commission contains a separate or enclosed lounge or bar area, which has as its main purpose the sale or distribution, of alcoholic beverages for on-premises consumption, notwithstanding that as an incidental service, meals or short order foods are made available therein, no person under twenty-one (21) years of age shall be admitted to such area. . . .
Id. (emphasis added). Under Section 598 an establishment or restaurant with a mixed beverage license may qualify to have a separate or enclosed lounge or bar area from which it may serve alcoholic beverages for consumption anywhere on its licensed premises to anyone age 21 and over.
¶ 2 Pursuant to Section 598(D), the Alcoholic Beverage Laws Enforcement Commission ("ABLE Commission") adopted administrative rule OAC 45:10-3-31, entitled "Designated bar areas." OAC45:10-3-31(a) provides:
 Entities or establishments licensed by the ABLE Commission which have as their main purpose some objective other than the sale of alcoholic beverages may file a written request with the Commission to have a portion of their licensed premises designated for use as a separate or enclosed lounge or bar area. The request shall state the main purpose of the business and the licensee shall have the burden of showing that the business qualifies for a separate or enclosed lounge or bar area.
Id. (emphasis added).
¶ 3 This rule refers to establishments licensed by the ABLE Commission, which includes restaurants. The licensed restaurant or establishment determines what its main purpose is and has the burden of showing it qualifies for a separate or enclosed lounge or bar area. Further, OAC 45:10-3-31(b) provides:
 In order to qualify for a separate or enclosed lounge or bar area, a licensee must show that the total income derived from the stated main purpose exceeds the total income derived from the sale, mixing or serving of alcoholic beverages. In determining the total income derived from the stated main purpose, a licensee may not include income derived from secondary sources which are not related to the stated main purpose or income derived as an incidental service from coin-operated game or vending machines, the sale of meals, snacks or short order foods.
Id. (emphasis added). Accordingly, to qualify for a separate lounge or enclosed bar area under ABLE's administrative rule, a restaurant or establishment licensed to sell, serve or mix alcoholic beverages must show that its total income, derived from its stated main purpose, exceeds its total income derived from selling, mixing or serving alcoholic beverages. Further, a mixed beverage licensee restaurant or establishment may not include income derived from secondary sources unrelated to its stated main purpose in its determination of total income.
 The ABLE Commission's Treatment Of Low-Point Beer
¶ 4 Prior to 2002 the ABLE Commission interpreted the term "alcoholic beverages" to include low-point beer as required under the statutory provisions of 37 O.S. Supp. 2005, § 598[37-598]. In 2002, the Oklahoma Court of Civil Appeals considered the constitutionality of this statutory inclusion of low-point beer in the term "alcoholic beverages" in connection with a restaurant's determination of its main purpose in the case of M W Restaurants, Inc. v. Oklahoma Alcoholic Beverage LawsEnforcement Commission, 63 P.3d 559, 562-63 (Okla.Ct.App. 2002) [hereinafter "M W"]. Article XXVIII, § 2 of the Oklahoma Constitution in pertinent part states: "The terms and provisions of this Amendment, and laws enacted by the Legislature pursuant hereto, shall not include nor apply to any beer or cereal malt beverage containing not more than three and two-tenths percent (3.2%) of alcohol by weight[.]" In M W,
the Court of Civil Appeals found Section 598 to be unconstitutional solely because of certain language located at the end of Section 598(A) stating "[f]or purposes of this section only, the term `alcoholic beverages' shall include low-point beer, as defined in Section 163.2 of this title."M W,63 P.3d at 563 (quoting 37 O.S. Supp. 1997, § 598[37-598](A)).
¶ 5 Section 598 is otherwise constitutional and remains valid pursuant to the statutory presumption created in 75 O.S. 2001, §11a[75-11a](2) that acts (including the "Act") enacted prior to July 1, 1989, are severable even without an express provision therefor.
 [T]he act or any portion of the act or application of the act shall be severable unless:
 a. the construction of the provisions or application of the act would be inconsistent with the manifest intent of the Legislature;
 b. the court finds the valid provisions of the act are so essentially and inseparably connected with and so dependent upon the void provisions that the court cannot presume the Legislature would have enacted the remaining valid portions without the void one; or
 c. the court finds the remaining valid provisions standing alone, are incomplete and are incapable of being executed in accordance with the legislative intent.
Id.
¶ 6 The Court of Civil Appeals found none of these statutory conditions existed and held Section 598 was unconstitutional only to the extent of the statute's inclusion of low-point beer into the definition of "alcoholic beverages." M W, 63 P.3d at 563. It follows that the sales of low-point beer are not to be included with alcoholic beverage sales in the determination of the main purpose of a restaurant licensed to sell alcoholic beverages by the drink for on-premises consumption.
¶ 7 The mixed beverage licensee's main purpose determination, provided in Section 598, is important to a restaurant as it determines whether public access to the entire restaurant is restricted to those age 21 years and over, or whether public access is restricted to those age 21 and over only in the separate or enclosed lounge or bar area. As a consequence of the holding in the M W case, the ABLE Commission now separates a restaurant's total income derived from its sales of low-point beer from the total income the restaurant derives from its sale of mixing and serving alcoholic beverages. OAC 45:10-3-31(b) (1991). In fact, the ABLE Commission treats the total income derived from the sale of low-point beer as neutral in its reviews of main purpose determinations as though the sales of low-point beer do not exist. It is from this administrative treatment that your question arises.
 The Inclusion Of Low-Point Beer With Other Non-Alcoholic Beverages
¶ 8 In its adoption of the Act the Legislature did not include non-alcoholic beverages in its definitions of words and phrases related to meals, short order foods or snacks. See 37 O.S.2001 Supp. 2005, §§ 501-599. In Cox v. Dawson,911 P.2d 272, 281 (Okla. 1996), the Oklahoma Supreme Court stated:
 It is a well-settled principle of statutory construction that, where possible, courts will not allow statutes to have absurd or discriminatory consequences. A construction that would lead to an absurdity or to discriminatory treatment will be avoided if it can be done without violating legislative intent.
Id.
¶ 9 In this instance, it would be impractical to exclude non-alcoholic beverages from the definitions of words or phrases related to food or items of food, because food is often construed for regulatory purposes to include beverages, and serving non-alcoholic beverages is generally integral to the service of food at a restaurant. See, e.g., 63 O.S. 2001, § 1-1101[63-1-1101](a) (the Oklahoma Public Health Code states, "[t]he term `food' means (1) articles used for food or drink for man, (2) chewing gum, and (3) articles used for components of any such article"); OAC710:75-1-2 (1999) (the Oklahoma Tax Commission regulation defines "restaurant" as "any food establishment where food, confection or drink is prepared for sale at retail for consumption either immediately or within a short period of time either on the premises or elsewhere by carry-out or delivery"). By extension, because low-point beer is a non-alcoholic beverage for purposes of the alcoholic beverage control statutes and regulations, it may be included with all classes of beverages other than alcoholic beverages in the main purpose determination of a mixed beverage licensee restaurant with a separate and enclosed lounge or bar area.
¶ 10 This conclusion is further supported by the fact that the ABLE Commission has a long-standing administrative interpretation of 37 O.S. Supp. 2005, § 598[37-598](A) and OAC 45:10-3-31(b) that allows mixed beverage licensees to include income from selling beverages other than those defined as "alcoholic beverages" in their calculations for total income derived from their stated main purpose. Subsequent to the holding in the M W case, the ABLE Commission now excludes revenues from the sales of low-point beer from the total income a mixed beverage licensee restaurant derives from selling, mixing or serving alcoholic beverages, as well as continuing to include the sales of food and non-alcoholic beverages, other than low-point beer, as part of its stated main purpose. Cox noted that "[t]he fundamental rule of statutory construction is to discern the Legislative intent." Cox further explained that "[o]nly when the circumstances make it unmistakable that there has been a legislative oversight will the Court intervene to clarify statutory enactments." Cox,911 P.2d at 276. Cox continued:
 [T]he interpretation or construction of an ambiguous or uncertain statute by the agency charged with its administration is entitled to the highest respect from the courts, specifically when the administrative construction is definitely settled and uniformly applied.
 ¶ 11 Id. at 277. In this instance, it is well-settled that the ABLE Commission, as the agency charged with the administration of 37 O.S. Supp. 2005, § 598[37-598] and OAC 45:10-3-31, has uniformly interpreted these provisions to allow mixed beverage licensee restaurants, when making their main purpose determinations, to include the revenues derived from the sales of non-alcoholic beverages together with sales of food and items of food. In light of the holding in the M W case together with the ABLE Commission's well-settled and uniform interpretations, low-point beer should now be treated as are other non-alcoholic beverages in a mixed beverage licensee's main purpose determination.
 Conclusion
¶ 12 Article XXVIII, Section 2 of the Oklahoma Constitution provides that the laws enacted by the Legislature, including Section 598, shall not include or apply to low-point beer. In light of this constitutional language and the holding of the Court of Civil Appeals in the M W case, which found unconstitutional the portion of Section 598 that included low-point beer in the definition of "alcoholic beverages," a mixed beverage licensee restaurant or establishment, in showing it qualifies for a separate or enclosed bar area, may prove it qualifies by including the income from the sales of low-point beer and other non-alcoholic beverages in determining the total income derived from its stated main purpose.
¶ 13 It is, therefore, the official Opinion of the AttorneyGeneral that:
 Under 37 O.S. Supp. 2005, § 598(A) and OAC 45:10-3-31(b),a restaurant or establishment that is licensed to sell mixedbeverages by the individual drink for on-premises consumption andwhich also holds a retail permit to sell low-point beer foron-premises consumption, in determining its main purpose to beany objective other than sales of alcoholic beverages, mayinclude income derived from the sale of low-point beer togetherwith other non-alcoholic beverages.
W.A. DREW EDMONDSON Attorney General of Oklahoma
BRYAN NEAL Assistant Attorney General