Dear Director Burt:
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. What provisions, if any, of Oklahoma law related to low-point beer found in 37 O.S. 2001 Supp. 2005, §§ 163.1-247 or 502-599 may be enforced by the Oklahoma Alcoholic Beverage Laws Enforcement ("ABLE") Commission?
 2. If the ABLE Commission and its employees are prohibited from enforcing laws pertaining to low-point beer, are ABLE law enforcement personnel in violation of any State laws that may require law enforcement officers to respond to violations of law committed in their presence?
 ABLE COMMISSION'S AUTHORITY
The Oklahoma Alcoholic Beverage Laws Enforcement Commission ("ABLE Commission") regulates the manufacture, distribution, possession and sale of alcoholic beverages for the protection of the welfare, health, peace, temperance and safety of the people of Oklahoma and enforces the Oklahoma Alcoholic Beverage Control Act ("Act"), 37 O.S. 2001 Supp. 2005, §§ 502-599. The ABLE Commission's authority stems from the powers granted by the Oklahoma Constitution, Article XXVIII, and the statutes enacted pursuant thereto.[1] OKLA. CONST. art. XXVIII, § 1.
In creating the ABLE Commission, the Oklahoma Constitution gave it "such power and authority to enforce such laws, rules and regulations as shall be prescribed by the Legislature." Id.
However, it also limited the ABLE Commission's authority. Article XXVIII, Section 2 states in relevant part:
 The terms and provisions of this Amendment, and laws enacted by the Legislature pursuant hereto, shall not include nor apply to any beer or cereal malt beverage containing not more than three and two-tenths percent (3.2%) of alcohol by weight[.]
Id. (emphasis added)
Although the Act was enacted pursuant to Article XXVIII of the Oklahoma Constitution with Section 2 in full force and effect, there are specific references to low-point beer in various sections of the Act.[2] One such provision, Section 598, has been held unconstitutional (as will be discussed later) with any other provision of the Act that attempts to indirectly regulate low-point beer also being constitutionally suspect.
The provisions of 37 O.S. 2001 Supp. 2005, §§ 163.1-247, Chapter 2, entitled "Low-Point Beer" regulate the manufacture, distribution and sale of low-point beer. Section 163.2(1) states:
 "Low-point beer" means and includes beverages containing more than one-half of one percent (1/2 of 1%) alcohol by volume, and not more than three and two-tenths percent (3.2%) alcohol by weight, including but not limited to beer or cereal malt beverages obtained by the alcoholic fermentation of an infusion of barley or other grain, malt or similar products[.]
Id.
There is no authority granted to the ABLE Commission in the aforementioned Low-Point Beer statutes. See id. The Oklahoma Tax Commission is charged with issuing permits and collecting taxes on the sale of low-point beer. See 37 O.S. 2001 Supp. 2005, §§ 163.3-163.7. Retail permits are also required at the county level for any premises where low-point beer is sold and are issued by the district court clerk of the county in which the premises are located. 37 O.S. Supp. 2005, § 163.11[37-163.11](A).[3]
Therefore, depending on the type of violation, enforcement of the Low-Point Beer statutes lies with the Oklahoma Tax Commission or at the county level, and not with the ABLE Commission.
 COURT INTERPRETATION OF THE CONSTITUTIONAL LIMITATIONS ON ABLE COMMISSION'S AUTHORITY
The Oklahoma Court of Civil Appeals applied the constitutional limitations of Article XXVIII, Section 2, when it held 37 O.S. 2001, § 598[37-598], which purported to give the ABLE Commission authority to regulate low-point beer, unconstitutional. M WRestaurants, Inc. v. Okla. Alcoholic Beverage Laws EnforcementComm'n, 63 P.3d 559, 563 (Okla.Ct.App. 2002). Section 598 required income from the sale of low-point beer to be added to income generated from the sale of alcoholic beverages in calculating whether an ABLE licensee's "main purpose" was something other than selling alcoholic beverages. Id. The appellate court held that Article XXVIII, Section 2 of the Oklahoma Constitution prohibited ABLE from exercising any authority over low-point beer, stating, "[l]aws enacted by the Legislature with respect to the authority of the ABLE Commission may not include 3.2 beer." Id. The court also held, "[s]ection 2 makes it clear that an establishment may be licensed to sell alcohol by the drink and low-point beverages, but that the ABLE Commission can only regulate alcohol sales." Id. at 562.
As confirmed in MW, the regulation of low-point beer by the ABLE Commission is prohibited under Article XXVIII, Section 2 of the Oklahoma Constitution, which, with respect to the authority of the ABLE Commission, restricts laws enacted by the Legislature pursuant to Article XXVIII from including or applying to low-point beer.
Reevaluating the pertinent provisions of the Oklahoma Constitution and considering the appellate court's interpretation of those provisions, the ABLE Commission has no authority under the powers granted to it under Article XXVIII of the Oklahoma Constitution or laws enacted thereunder, to enforce any law regulating low-point beer.
 PEACE OFFICER STATUS UNDER THE ACT
Due to the nature of your first question and the reference to low-point beer, we understand your second question involves the role of ABLE Commission law enforcement officers and their authority, as it relates to the general enforcement of laws, and the application of such general law enforcement authority to the enforcement of laws pertaining to low-point beer.
Members of the ABLE Commission, the Director and agents or inspectors appointed by the Commission have the status of peace officers under the Act. Subsection 512(A) of Title 37 provides:
 A. The members of the Commission, Director, and such agents and inspectors as the ABLE Commission appoints in writing shall have all the powers and authority of peace officers of this state for the purpose of enforcing the provisions of the Oklahoma Alcoholic Beverage Control Act.
Id. (emphasis added).
That particular subsection limits the power and authority of ABLE peace officers to the sole purpose of enforcing the Act. However, subsection B of Section 512 expands the authority of the ABLE Director, agents and inspectors to general law enforcement under certain circumstances and provides:
 B. The Director or any agent or inspector duly appointed, as provided in subsection A of this section, shall be authorized to arrest violators for offenses against laws of this state committed in the presence of the Director or said agents or inspectors, and further upon the request of a sheriff or another peace officer of this state or any political subdivision thereof assist in apprehension and arrest of a violator or suspected violator of any of the laws of this state.
Id.
Under the authority of that subsection, the Director or duly appointed agents or inspectors of the ABLE Commission (excluding Commission members) are authorized to enforce any Oklahoma law that is violated in their presence. However, Section 512 is contained in the Act, which as mentioned above was enacted by the Legislature pursuant to Article XXVIII of the Oklahoma Constitution, and as a result is subject to the limitations of Article XXVIII, Section 2.
Therefore, the authority for enforcement of the general laws of Oklahoma cannot include or apply to low-point beer. As a result, the Commission's Director, agents and inspectors are prohibited from enforcing laws pertaining to low-point beer under the authority of the Act. Taking action as a peace officer with respect to low-point beer rather than as an ABLE Commission law enforcement officer is also prohibited due to the fact that the only authority to act as a peace officer is the authority granted under the Act.
Without having appropriate authority, it follows there is no duty for ABLE law enforcement officers to enforce laws pertaining to low-point beer under the Act, either expressly or by implication. Therefore, ABLE Commission law enforcement officers would have no liability for not enforcing low-point beer laws when the violation of such laws occurs in their presence.[4]
However, it is important to note that a violation of a provision of the Low-Point Beer statute may also trigger a violation of another law that could be enforced by ABLE law enforcement officers, either under the Act or as a peace officer. For example, a situation could arise in which an intoxicated person is sold low-point beer by a holder of a retail low-point beer license or permit, thereby violating Section 247 of the Low-Point Beer statutes. While an ABLE law enforcement officer could not arrest the licensee/retailer for violating Section 247, nothing would prohibit ABLE Commission law enforcement officers acting under the Act, or as peace officers generally, from enforcing Section 8 of Title 37 and arresting the intoxicated person. Section 8 is outside the Low-Point Beer statutes and makes it a misdemeanor "if any person shall be drunk or intoxicated fromany cause and shall disturb the peace of any person." Id.
(emphasis added). Furthermore, if the intoxicated person is a minor, the ABLE Commission law enforcement officers could arrest the licensee/retailer for contributing to the delinquency of a minor in violation of 21 O.S. 2001, § 856[21-856], assuming all the elements of that offense are present.
There should be no misunderstanding that ABLE law enforcement officers can enforce State laws that are violated in their presence in accordance with the Act and/or as peace officers, with the only exception being the enforcement of any law regulating low-point beer.
It is, therefore, the official Opinion of the Attorney Generalthat:
 1. The Alcoholic Beverage Laws Enforcement Commission, acting under the authority of the Oklahoma Alcoholic Beverage Control Act (37 O.S. 2001 Supp. 2005, §§ 502-599), may not enforce any law that regulates low-point beer. Such regulation and enforcement pursuant to the Act is prohibited by the Oklahoma Constitution under Article XXVIII, Section 2.
 2. Under OKLA. CONST. art. XXVIII, § 2, law enforcement officers of the Alcoholic Beverage Laws Enforcement Commission have no authority or duty to enforce laws regulating low-point beer, and therefore have no liability for not enforcing such laws.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JAMES V. BARWICK ASSISTANT ATTORNEY GENERAL
[1] For a more complete history on the ABLE Commission see Attorney General Opinions 98-15 and 00-57.
[2] Section 505(B)(3) of Title 37 confirms the Act has no effect on low-point beer sold on military reservations; Section 506(3) excludes low-point beer from the definition of "alcoholic beverage"; Section 518(B)(2) reduces fees if a low-point beer permit is also held; Section 535.3(A) defines an "Interactive entertainment facility" and describes the issuance of mixed beverage licenses with low-point beer sales being included with sales of alcoholic beverages in the calculation for determining the main purpose of the business; and Section 598(A) included low-point beer sales in the definition of alcoholic beverages for the purpose of calculating sales to determine the main purpose of an establishment.
[3] Title 37 O.S. Supp. 2005, § 163.11[37-163.11] was amended in the Second Regular Session of the Fiftieth Legislature; however, the amendment is not germane here. See 2006 Okla. Sess. Laws ch. 61, § 7.
[4] It is worth noting that ABLE law enforcement officers are required to diligently enforce all provisions of the Act. 37 O.S. 2001 § 569[37-569].